# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JEFFREY HOWERTON,<br><br>                              Petitioner,<br><br>                    v.<br><br><br>GUAM DEPARTMENT OF REVENUE AND TAXATION, GUAM OFFICE OF PUBLIC ACCOUNTABILITY, & DOES 1-100<br><br>                    Respondents. | SPECIAL PROCEEDING NO. SP0055-20<br><br><br>**DECISION AND ORDER** |

## Introduction

This matter came before the Honorable Judge *Pro Tempore* Jonathan R. Quan on April 2, 2020, upon Jeffrey Howerton's *pro se* Petition for Writ of Mandamus. Pursuant to 7 GCA § 31211, oral argument was not scheduled and the case was heard solely on the Petition. After reviewing the allegations in the Petition, as well as applicable statutes and case law, the Court hereby issues the following Decision and Order DENYING the Petition.

## Background

The Petitioner appears to be a resident of Chula Vista, California and he may be involuntarily confined.[1] The large majority of the Petition develops the claim that the Petitioner

---

[1] Petitioner avers he is "trapped in a truly shockingly abusive home environment in Chula Vista where they not only monitor the situation but where they have bribed relatives isolating and severely torturing me in an actual police state from the CA DOJ, FBI, Chula Vista PD." Petition (Apr. 2, 2020) at 23.

is the target of a global conspiracy perpetrated by, *inter alia*, his family members, former college classmates and their families, Brown University, the Federal Bureau of Investigations, and the Israeli national intelligence agency. The Petition alleges that these people and institutions have perpetrated physical, sexual, and psychological torture upon the Petitioner. However, these alleged perpetrators are not parties in this proceeding, and the Respondent agencies are not accused of perpetrating the alleged torture. Accordingly, the allegations against these non-parties are not relevant to this proceeding and will not be addressed further.

The Respondents in this proceeding are two agencies: the Guam Department of Revenue and Taxation ("DRT") and the Guam Office of Public Accountability ("OPA"). The Petition claims that the Respondent agencies failed to respond to the Petitioner's e-mail inquiries about his pending complaints. The Petitioner claims that he filed a complaint with DRT in December 2019 regarding three Guam banks—ANZ Guam, Bank of Hawaii, and Bank of Guam—that are allegedly connected to "IP theft and financial crime." Petition (Apr. 2, 2020) at 2-3. The Petitioner also claims that he filed one or more complaints with OPA in March 2020 regarding the "Unified Courts", the Government of Guam, DRT, the Guam Attorney General's Office, and OPA itself. *Id.* at 4. Petitioner claims that the agencies either failed to respond to his e-mails or responded with e-mails that "appeared to be hijacked". *Id.* at 3-4. The Petitioner therefore filed this action to "request intervention to assure my complaints and issues [are] handled appropriately." *Id.* at 5.

## Discussion

To establish a claim for mandamus relief, the petitioner must demonstrate (1) a clear, present and usually ministerial duty on the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty. *Bank of Guam v. Reidy*, 2001 Guam 14 ¶ 13. The Petition satisfies neither prong of this test.

The Court is mindful of Petitioner's *pro se* status and that a *pro se* litigant deserves some deference in his litigation efforts. *McGhee v. McGhee*, 2008 Guam 17 ¶ 11. However, the Court cannot ignore the fact that the Petition fails to assert that any legal duty exists on the Respondents or that the Respondents have violated that duty. The Petition is wholly devoid of citation to Guam law, or any other doctrine, that would impose such a duty on the Respondent agencies. The Petition simply asks the Court to "assure that the Petitioner's complaints are handled appropriately", Petition at 5, but the Petition provides no explanation of how the prior handling of the complaints was legally "inappropriate" or what "appropriate" handling would entail.

As the Guam Supreme Court has said, "it is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. Here, the Court is presented with a Petition that fails to allege that the Respondents owed the Petitioner a legal duty, that the Respondents violated that legal duty, or that the Petitioner has a right in the performance of that legal duty. The Court cannot conduct a meaningful legal analysis of Petitioner's claim and must therefore deny the Petition. *See Galbiso v. Orosi Public Utility Dist.*, 107 Cal. Rptr. 3d 36, 52-53 (Cal. App. 5d 2010) (where "no legal basis was presented" to support allegations of a clear and present duty of an administrative body, the failure to provide such a basis was fatal to a cause of action for a writ of mandate).

Furthermore, the allegations against the Respondent agencies are not sufficient to warrant mandamus relief. Mandamus is an extraordinary remedy that should be employed only in extreme situations. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5 ¶ 10. The Court is not convinced that an agency's failure to respond to e-mails would ever constitute an "extreme

situation." However, the Court is particularly disinclined to adopt such a view here because the Respondents' alleged failure to respond to Petitioner's e-mails coincided with the COVID-19 pandemic and the associated partial government shutdown. Accordingly, even if the Petition had established a cognizable claim, the Court would still deny the Petition.

## Conclusion

The Petition fails to present a claim for the Court to analyze. The Petition also fails to establish that its subject matter constitutes an "extreme situation" worthy of the extraordinary remedy of mandamus relief. Accordingly, the Court **DENIES** the Petition for Writ of Mandamus.

**IT IS SO ORDERED** this 20th of July, 2020.

HONORABLE JONATHAN R. QUAN
Judge *Pro Tempore*, Superior Court of Guam